## STEWART–WARNER CORPORATION v. ROGERS.

## SAME v. UNIVERSAL LUBRICATING SYSTEMS, Inc., et al.

### Nos. 2983, 3041.

District Court, W. D. Pennsylvania.
June 29, 1936.

Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., for plaintiff.

Clarke & Doolittle and J. R. Van Kirk, both of Pittsburgh, Pa., and Leonard L. Kalish, of Philadelphia, Pa., for defendants.

SCHOONMAKER, District Judge.

These two patent infringement suits charge contributory infringement by defendants of three patents, i. e.; Manzel patent, No. 1,459,662, issued June 19, 1923, on application filed August 18, 1920; Zerk patent, No. 1,475,980, issued December 4, 1923, on application filed November 21, 1922; and Butler patent, No. 1,593,791, issued July 27, 1926, on application filed February 19, 1923.

These two cases were consolidated for trial, with the understanding that all the evidence taken would be available and apply to the issues in each suit.

Claim 1 of the Manzel patent is in suit. Claims 2, 3, and 5 of the Zerk patent are in suit. Claims 1 and 2 of the Butler patent are in suit.

In the suit at No. 3041 equity against the Universal Lubricating Systems, Inc., and others, it was agreed that the evidence might be confined to the corporate defendant, and that the individual defendants would be bound by any judgment rendered in this case.

The three patents all relate to lubricating apparatus. Each discloses a lubricating sytsem comprising nipples or fittings provided with threads whereby they may be permanently attached to the bearings of automobiles or other machinery; a lubricant-compressor and a coupler or nozzle whereby the lubricant-compressor may be successively attached to the several fittings to force lubricant therethrough to the bearings under pressure. The combinations claimed are formed only when the ultimate users of the equipment make the attachment of the several elements to the automobile to be lubricated.

As an illustration of all the claims of the several patents in suit, we may cite the following claims:

Claim 1 of the Manzel patent: "The combination with a nipple for feeding lubricant to a bearing, of means for supplying lubricant to said bearing-nipple under pressure, comprising a pump barrel adapted to bear with its delivery end against the receiving end of said bearing-nipple, a slidable piston reciprocating in said barrel and having an operating rod, a guide nozzle rigidly secured to the delivery end of said barrel in alinement therewith and adapted to loosely pass over said bearing-nipple, said guide nozzle and said bearing-nipple being free from interlocking coupling members, whereby the nozzle may be slipped on and off the bearing nipple without restraint and the delivery end of the barrel joined to the receiving end of said bearing nipple by longitudinal pressure against said piston-rod."

Claim 2 of the Zerk patent: "In a lubricating apparatus, the combination with a lubricant receptacle element of a lubricant reservoir for supplying lubricant thereto, means to put the lubricant in the reservoir under pressure, a lubricant feeding nozzle element, said reservoir communicating lubricant under pressure thereto, said receptacle element and said nozzle element having cooperative substantially non-com-

pressible contact faces and openings therethrough, the nozzle contact face having a concavely spherical surface, the other contact face having a dirt cutting circumferential edge portion adapted to be embraced within the spherical surface of the nozzle face and providing the sole contact therewith when the nozzle is pressed against the receptacle element from any one of a plurality of angularly different directions, to make a sealed, substantially non-yielding, lubricant conducting connection between the face openings."

Claim 1 of the Butler patent: "The combination with a nipple for receiving lubricant, of a lubricant compressor having a coupling for connecting said compressor and nipple, the coupling comprising a cylinder, a piston movable within the cylinder and having an aperture for the discharge of lubricant therethrough and an apertured seat for engagement with the end of the nipple, and means carried by the cylinder for compressively engaging about the nipple for locking said parts together against longitudinal displacement and actuated by said piston whereby the pressure of the lubricant on said piston will move the piston to forcibly compress said means, while the lubricant is passing through said connecting parts."

The charge of contributory infringement is that defendants manufacture and sell one or more of the elements of the combination claims of the three patents in suit, i. e., the push operated hand type lubricant pump having a leather-gasketed push-contact nozzle of the Manzel combination; the push-contact nipples or fittings with a flat terminal surface at the receiving end bounded by a circular edge, and having a round aperture therethrough of the Zerk combination; and the nipples or fittings having hemispherical terminal tips and a peripheral groove below of the Butler combination.

▇▇▇▇ No extended discussion of these charges is necessary, for, as we view the case, all of the claims of the three patents in suit must be held invalid under the ruling of the Supreme Court upon the combination claims of the Gullborg patent, No. 1,307,734, in Bassick Mfg. Co. v. R. M. Hollingshead Co. (Rogers v. Alemite Corporation), 56 S.Ct. 787, 791, 80 L.Ed. ——, opinion by Mr. Justice Roberts filed May 18, 1936. There the Supreme Court was considering the same combination now before this court, i. e., a grease pump, hose, hose coupler, and a grease cup or pin fitting.

Mr. Justice Roberts said:

"It is plain that Gullborg invented improvements of two of the mechanical elements of an old combination consisting of grease pump, hose, hose-coupler, and a grease cup or pin fitting. First, he contrived an improved pin fitting. This he patented as such. No. 1,307,733. Secondly, he invented an improved form of coupler to be attached to the end of the hose leading from the pump to the fitting. Instead of patenting this, as he did the pin fitting, he claimed a combination of pump, hose-coupler, and pin fitting, and embodied in the combination his improved form of coupler. No. 1,307,734, the patent in suit; claims 1–6, 8, and 10. He further claimed the combination between his patented pin fitting and any form of grease gun whether that claimed in his patent or unpatented and old in the art. Claims 14 and 15. The question then is whether, by this method, the patentee, by improving one element of an old combination whose construction and operation is otherwise unchanged, may, in effect, repatent the old combination by reclaiming it with the improved element substituted for the old element. That this cannot be done is shown by numerous cases in this and other federal courts.

"Leeds & Catlin Co. v. Victor Talking Machine Co., 213 U.S. 301, 325, 29 S.Ct. 495, 53 L.Ed. 805, on which the respondent relies, is not in point. There the patent was a pioneer patent and the combination was of elements which were novel and neither of which possessed utility without the other. Each element was necessary to the operation of the other. The invention did not, as here, consist of the mere improvement of one element of an old combination.

"We are of the opinion that the owner of the patents cannot extend the monopoly of its patent for a pin fitting to preclude the use therewith of any grease gun not embodying the improvement in the coupling device evidenced by the patent in suit; and cannot extend the monopoly of the combination patent in suit to prevent the use of a pin fitting which does not infringe the fitting patent, 1,307,733, with a gun having a coupler such as that claimed in the patent in suit."

On this ruling, we conclude that all of the claims of the patent in suit are invalid, because the patentees are merely claiming

412

an old combination whose construction and operation are not changed merely by substituting an improved element of this combination for an old element. The plaintiff's bill will be dismissed.

Findings of fact, conclusions of law, and decree in accordance with this opinion may be submitted.