## JACQUES v. UNIVERSAL LUBRICATING SYSTEMS, Inc.

### No. 3043.

District Court, W. D. Pennsylvania.

Feb. 4, 1938.

Henry O. Evans and Oliver Evans, both of Pittsburgh, Pa., for plaintiff.

Clarke & Doolittle, of Pittsburgh, Pa., and Leonard L. Kalish, of Philadelphia, Pa., for defendant.

SCHOONMAKER, District Judge.

 This is a patent suit involving Jacques patent, No. 1,383,306, for a connecting de-

vice particularly designed for the connecting of a grease-gun to a grease-cup in the lubricating of automobiles. The two claims of the patent are in suit. They are as follows:

"1. A connector for lubricating apparatus having, in combination, a nipple with a recessed outer surface, a nozzle having radially movable locking elements co-acting with said recessed nipple, an outer locking sleeve covering said elements in all positions, said sleeve being slidable on said nozzle and having a recess receiving portions of said locking elements when said sleeve is removed from locking position, and a spring effective to hold said sleeve yieldingly in locking position.

"2. A connector for lubricating apparatus having, in combination, a nipple having a recessed outer surface, a nozzle having radially movable locking elements co-acting with said recessed nipple and manual releasing means normally holding said elements in locking position, said nozzle having a spring pressed plunger with an axially extending passage therethrough for the lubricant and having a conical outer end yieldingly engaging the edge of the axial opening in the nipple and forming a tight connection therewith."

The charge of infringement is that: (1) The defendant has manufactured and sold the entire connector of the patent in suit, namely, both the coupler and the nipple; and (2) the defendant has contributorily infringed the patent by manufacturing and selling nipples of the kind specified in the patent, and defined in its claims and adapted and intended to be used with the Alemite hydraulic couplers of the Stewart-Warner Corporation, which form with said nipples the connector covered by the claim of the patent in suit.

So far as concerns the charge of contributory infringement, we have precisely the same case of a lubricating device as was presented to this court in the cases of Stewart-Warner Corporation v. Rogers, No. 2983 Equity, Stewart-Warner Corporation v. Universal Lubricating Systems, Inc., the same defendant as in the instant suit, reported in 15 F.Supp. 410, where we held the combination claims of the patents there in suit invalid, because the patentees were merely claiming an old combination whose construction and operation are not changed merely by substituting an improved element in the combination for an old element. In this ruling we relied on the decision of the

Supreme Court involving a combination of the same elements for lubricating automobiles as that involved in the instant suit: Bassick Mfg. Co. v. R. M. Hollingshead Co., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251. Relying on these cases, we hold that the defendant has not contributorily infringed the patent in suit.

In this connection, we should note that, although Jacques is the nominal plaintiff in the instant suit, the Stewart-Warner Corporation, the plaintiff in the two suits heretofore decided by the court and reported in 15 F.Supp. 410, is the real party in interest in the instant suit by virtue of a patent contract with Jacques (Plaintiff's Exhibit 7), whereby it controls this suit and holds an exclusive license under the patent in suit, which it may exercise at any time on the payment of $10.

On the charge of direct infringement, the plaintiff fails to make out a case, because neither the Stewart-Warner couplers upon which the suit was founded, nor the defendants' coupler, which was placed before the court by stipulation of counsel, embody the outer slidable manually operable locking sleeve of the Jacques patent in suit. Not only is the construction different, but the mode of operation of the couplers is different. The Jacques coupler may be detached from the grease-cup only by manipulating manually the locking of the outer slidable-locking sleeve, while the Stewart-Warner coupler and the defendant's coupler can be attached to and detached from the grease-cup without touching the coupler at all, by merely pushing the grease-delivery conduit or pipe of the pump. Then, too, the outer locking sleeve of the Jacques coupler actually locks the coupler, while in the Stewart-Warner's and defendant's coupler there is no such locking at any time, as the coupler can be detached from the grease-cup by a slight angularity.

In addition to that, we are of the opinion there is no novelty even in the coupler element over the prior art.

Claim 1 of the patent distinguishes from the Ferguson patent, No. 1,324,654, only in reciting that the locking sleeve covers the balls in the structure in all positions. This is a mere arbitrary selection of the direction of movement of the locking sleeve and does not disclose invention.

The Stichler patents, Nos. 1,242,490 and 1,337,288, the Sutton patent, No. 978,957, the Newton patent, No. 1,118,876, and the

460

McMullin patent, No. 1,340,785, all show multi-jawed chuck-type hose couplers, in which the jaws are never exposed.

The Schmidt patent, No. 1,061,410, Reiness patent, No. 836,534, Reiness patent, No. 883,422, Bodor patent, No. 1,002,632, Aldridge patent, No. 1,019,938, Sheppard patent, No. 1,053,883, Fischer patents, Nos. 1,089,755 and reissue 13,009, and the Fassett patent, No. 1,118,518, likewise show multi-jawed chuck-type construction with the external ball-actuating sleeve or the external locking sleeve.

Claim 2 of the patent in suit is invalid, because the coupler construction defined therein is readable upon each of the couplers of each of the two Stichler patents of the Doman patent and of the Paul patent, and does not involve invention over them.

We adopt as our findings of fact and conclusions of law those proposed by the defendant and marked filed herein on December 20, 1937. Appropriate decree in accordance therewith may be submitted.