## STEWART–WARNER CORPORATION v. ROGERS.*

## SAME v. UNIVERSAL LUBRICATING SYSTEMS, Inc., et al.

## Nos. 6350, 6351.

Circuit Court of Appeals, Third Circuit.

Feb. 9, 1939.

Lynn A. Williams, of Chicago, Ill., for appellant.

Leonard L. Kalish, of Philadelphia, Pa., for appellees.

Before BIGGS, MARIS, and BUFFINGTON, Circuit Judges.

*Rehearing denied April 3, 1939.

BIGGS, Circuit Judge.

The appeals at bar are limited to a consideration of claims 2, 3 and 5 of United States Patent No. 1,475,980, issued on December 4, 1923 to Oscar Zerk for a lubricating apparatus. The appeals at bar are further limited by the charge made by Stewart-Warner Corporation, the appellant in each cause, that the appellees have been guilty of contributory infringement of Zerk's patent by manufacturing and selling nipples or fittings of the kind described in the Zerk patent with the knowledge and intention that such nipples would be used with the appellant's compressors having push-type nozzles, thus creating the combination described in the claims in suit.

The learned District Judge found these claims to be invalid under the ruling of the Supreme Court in Rogers v. Alemite Corporation, made by it concurrently with its decision in Bassick Manufacturing Co. v. R. M. Hollingshead Co., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251. He also found that under the cited ruling the claims of the patent here in suit were invalid because the patentee was claiming no more than an old combination whose construction and operation were not changed "merely by substituting an improved element of this combination for an old element." [15 F.Supp. 410, 412.] He also reached the conclusion that this finding rendered it unnecessary to pass upon any of the other issues of fact or law presented and thereupon dismissed the bill of complaint.

Before answering the questions presented by the appeals we deem it desirable to state the nature of the Zerk patent sub judice. The patent relates to improvements in a lubricating system for the lubrication of the moving parts of machines such as automobiles. In a brief recital of the prior art Zerk points out that it has become the universal practice to provide such parts or elements with inlet nipples to which a grease gun may be secured detachably and to furnish the gun with a flexible tube or hose having a coupling at its end which may be adjusted manually and locked against the inlet nipple to provide a tight joint through which the grease may be forced down the tube by the pressure of the gun. Zerk makes plain that this operation as conducted under the prior art required the operator to use both hands and caused a waste of lubricant and energy since a greasing operator generally is compelled to work from an awkward posi-

tion. In his specifications Zerk then states that the main object of his invention is to overcome " * * * these objections by so constructing a pistol and a nipple, that the pistol can be held in one hand and placed in direct osculatory, leak proof contact with the nipple, and while so held will inject lubricant into the nipple, when direct pressure is applied thereto."

Claim 2 of the patent is typical. It reads as follows: "In a lubricating apparatus, the combination with a lubricant receptacle element of a lubricant reservoir for supplying lubricant thereto, means to put the lubricant in the reservoir under pressure, a lubricant feeding nozzle element, said reservoir communicating lubricant under pressure thereto, said receptacle element and said nozzle element having cooperative substantially non-compressible contact faces and openings therethrough, the nozzle contact face having a concavely spherical surface, the other contact face having a dirt cutting circumferential edge portion adapted to be embraced within the spherical surface of the nozzle face and providing the sole contact therewith when the nozzle is pressed against the receptacle element from any one of a plurality of angularly different directions, to make a sealed, substantially non-yielding, lubricant conducting connection between the face openings."

It will be observed by an examination of the specifications of the patent and the language of the claims in issue that Zerk lays emphasis upon two features of the combination claimed by him, viz., the structure of the nozzle and that of the nipple. Zerk provides that the nozzle of his apparatus possesses a spherical non-compressible contact face and that the nipple has a circular dirt cutting edge. Zerk's patent contemplates that these two surfaces shall meet and kiss, thus creating a tight connection. In other words the nozzle and the nipple form a complete contact which may be maintained simply by pressing the nozzle down within the nipple. Since contact is made by pressure between these members, it is obvious that because of the form of both, an effective working cooperation may be maintained between them at the angularly different directions described by the patent. This is what the patentee means when he refers to the " * * * coaction of the novel dirt cutting edge of the nipple with the novel concavely spherical concavity with its sub-

stantially noncompressible contact face * * *". As appears, Zerk claims this method of contact between the nozzle and the nipple in conjunction with other elements which are old in the art of lubrication, viz., a lubricant receptacle or reservoir for supplying lubricant, a means to put the lubricant in the reservoir under pressure, and a feeding nozzle connecting with the reservoir for sending the lubricant down into the nipple or fitting under heavy pressure.

The combination of grease gun, coupler or grease cup or nipple is old in the prior art. If we assume that Zerk made an invention, we see that it must consist of the nozzle and nipple formed to function as we have indicated heretofore. But Zerk attempts to extend the monopoly of his patent to the combination containing old elements. This he may not do.

In Rogers v. Alemite Corporation, supra, the Supreme Court passed upon certain claims of Gullborg, Patent No. 1,307,734. Gullborg claimed a combination of a compression chamber or pump, a hose, a hose coupler, and a grease cup or fitting connection to the bearing. The proof in the cited case established that the prior art embraced the use in combination of a grease gun, a hose, a hose coupler and a spring-closed fitting, the coupling being of the pin and slot type. It was apparent that if Gullborg had invented anything his invention consisted of an improved pin fitting and an improved coupler. Rogers sold pin fittings of a type with which a grease gun of Gullborg's description could be used and also sold grease guns having a bayonet slotted coupler capable of use in conjunction with the pin fittings of another Gullborg Patent, No. 1,307,733 (covering a fitting in which, instead of pins or lugs set on either side, a pin runs directly through the tube and extends out on either side serving as a spring to hold in place the metal ball which closes the opening of the fitting) or with other pin fittings not covered by that patent. Mr. Justice Roberts, delivering the opinion of the Court, stated at pages 424 and 425 of the opinion, 56 S.Ct. page 791:

"It is plain that Gullborg invented improvements of two of the mechanical elements of an old combination consisting of grease pump, hose, hose-coupler, and a grease cup or pin fitting. First, he contrived an improved pin fitting. This he patented as such. No. 1,307,733. Second-

ly, he invented an improved form of coupler to be attached to the end of the hose leading from the pump to the fitting. Instead of patenting this, as he did the pin fitting, he claimed a combination of pump, hose-coupler, and pin fitting, and embodied in the combination his improved form of coupler. No. 1,307,734, the patent in suit; claims 1-6, 8 and 10. He further claimed the combination between his patented pin fitting and any form of grease gun whether that claimed in his patent or unpatented and old in the art. Claims 14 and 15. The question then is whether, by this method, the patentee, by improving one element of an old combination whose construction and operation is otherwise unchanged, may, in effect, repatent the old combination by reclaiming it with the improved element substituted for the old element. That this cannot be done is shown by numerous cases in this and other federal courts."

In Lincoln Engineering Company v. Stewart-Warner Corporation, 303 U.S. 545, 58 S.Ct. 662, 664, 82 L.Ed. 1008, the Supreme Court passed upon the question of whether or not the Lincoln Company was guilty of contributory infringement of certain claims of Butler Patent No. 1,593,791. The Lincoln Company was charged with selling fittings similar to those described in the Butler patent usable and intended to be used in connection with the gun and coupler of the patent. The Butler patent was for a combination including "radially movable locking elements carried by the cylinder coacting with the nipple". The locking elements referred to clutched coacting elements upon the nipple in such a way that the pressure of the lubricant would serve to compress the elements upon the nipple during the passage of the lubricant upon the downward thrust of the piston in the cylinder. Such clutching elements are known to industry as "chucks". In delivering the opinion of the Court Mr. Justice Roberts stated:

"The petitioner's principal contention is that our decision in the Rogers Case is controlling. We so hold. As has been said, the combination of elements disclosed is old in the art. As the Circuit Court of Appeals held, a headed nipple or fitting connected with the bearing, and to be coupled to the conduit from the grease gun, is old and unpatentable. A compressor or pump for propelling lubricant is old and unpatentable as such. The invention, if any, which Butler made was an improvement in what he styles in his specifications the 'chuck' and in his claim a 'coupling member.' It is not denied that multijawed chucks had been used in industry and as couplers in lubricating apparatus. Butler may have devised a patentable improvement in such a chuck in the respect that the multiple jaws in his device are closed over the nipple by the pressure of the grease, but we think he did no more than this. As we said of Gullborg in the Rogers Case, having hit upon this improvement he did not patent it as such but attempted to claim it in combination with other old elements which performed no new function in his claimed combination. The patent is therefore void as claiming more than the applicant invented. The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention. And the improvement of one part of an old combination gives no right to claim that improvement in combination with other old parts which perform no new function in the combination.

\* \* \* \* \* \*

"We conclude that Butler's effort, by the use of a combination claim, to extend the monopoly of his invention of an improved form of chuck or coupler to old parts or elements having no new function when operated in connection with the coupler renders the claim void."

The Supreme Court thereupon reversed a decree of contributory infringement entered against the Lincoln Company.

It follows therefore that the claims of Zerk's patent sub judice must be held to be void as claiming more than the applicant invented, assuming as we have assumed that the improvements disclosed by Zerk as to nipple and nozzle constitute patentable invention. The decrees of the court below dismissing the bills of complaint in the respective causes therefore are affirmed.