## THOMAS & BETTS CO. et al. v. STEEL CITY ELECTRIC CO.
### No. 400.

District Court, W. D. Pennsylvania.
Feb. 28, 1940.

Brown, Critchlow & Flick, of Pittsburgh, Pa., and Bohleber & Ledbetter, of New York City, for plaintiffs.

Thos. P. Trimble, Jr., and Patterson, Crawford, Arensberg & Dunn, all of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is a patent suit involving Fullman Patent No. 20,873, a reissue under date of October 4, 1938, of Fullman Patent No. 1,769,947, granted July 26, 1928, for a connecter for electrical conduits. There are two issues involved: (1) Validity of the patent; and (2) infringement.

Claim 1 of the reissued patent may be cited as a sample claim. It is as follows: "1. The combination with an armored cable, of a bushing of insulating material having a tubular barrel portion contained within the cable armor and a shoulder bearing against the end of the armor, and a connecter and means for securing it to the cable, said connecter having a portion projecting beyond the end of the cable armor and having inwardly projecting fingers adapted to bear upon the bushing shoulder and retain the bushing in place."

Claims 2 and 3 cover practically the same combinations as claim 1, but are couched in slightly broader terms.

The original Fullman Patent 1,769,947 contained two claims. Claim 1 of the Reissue Patent 20,873 is the same as claim 1 of the original patent. Claim 2 of the original patent was disclaimed; and in the reissue patent, claims 2 and 3 were substituted therefor.

The reissue patent is for a combination of three elements: (1) An armored cable; (2) an insulated bushing; and (3) a connecter for use in connecting electrical conduits and armored cables to outlet boxes and other electrical fittings. This combination is admittedly old in the art. Fullman has substituted in the old combination a slightly different form of connecter. He states in his patent specifications, page 1, line 30, 35, as follows: "The present invention provides an improved connecter binding the cable to the outlet box, and having means for holding the insulating and protective bushing in place, which will permit the bushing to be visible, and thus permit ready inspection of the system."

We therefore have a case where there is an improvement in one part or element of an old combination, and a patentee is seeking to recapture the old combination. This he cannot do, unless in the new combination, there is a new function. See Lincoln Engineering Co. v. Stewart-Warner Corporation, 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008; Bassick Mfg. Co. v. Hollingshead, 298 U.S. 415, 56 S. Ct. 787, 80 L.Ed. 1251; Stewart-Warner Corporation v. Rogers, D.C., 15 F.Supp. 410, affirmed, 3 Cir., 101 F.2d 762; Jacques v. Universal Lubricating Systems, D.C., 22 F.Supp. 458.

In substituting his "peep hole" connecter, Fullman has brought into the old combination no new function. All he has done is to make some changes in the old "smooth mouth" connecter, so as to make the bushing visible. No new function of the combination is accomplished. An examination of the old type of connecters convinces us that the bushing was visible in them at least to some extent. Fullman recognizes this in his patent specifications, page 1, lines 23–26, in which he states: "When such a bushing is used at the joint between an armored cable and an outlet box with connecters of the present usual types, it is largely or altogether hidden

within the connecter." So that it may properly be said that all Fullman has done is to provide a connecter, the structure of which permits a greater degree of visibility of the bushing. If there was invention at all, it was solely in the connecter, and Fullman patent-claims should have been for that alone, and not for the old combination. Even then, we cannot see invention in merely cutting notches in the "flange" of the old connecter to permit greater visibility of the bushing. There is no new mechanical function resulting. See Hailes v. Van Wormer, 20 Wall. 353, 375, 87 U.S. 353, 375, 22 L.Ed. 241.

Our attention has been invited to the opinion of Judge Hulbert in Thomas & Betts Co. v. Electrical Fittings Corporation, D.C., 23 F.Supp. 920, in which he holds claim 1 of the original Fullman patent valid. As we view his opinion, he considered only the novel element in the connecter, and did not discuss the question of whether or not there was a new resultant function in the combination. We cannot agree with his finding.

In our opinion, the Fullman reissue patent is invalid. This conclusion makes it unnecessary for us to pass upon the charge of contributory infringement made against the defendant, nor upon the contention of defendant that plaintiffs are not entitled to relief because of improper exploitations of their patent.

Our findings of fact and conclusions of law are filed herewith.