304

THOMAS & BETTS CO. et al. v. STEEL
CITY ELECTRIC CO.

No. 7457.

Circuit Court of Appeals, Third Circuit.

June 30, 1941.

Rehearing Denied Aug. 26, 1941.

William Bohleber, of New York City (Brown, Critchlow & Flick, of Pittsburgh, Pa., and Francis H. Fassett, John M. Montstream, and George Whitefield Betts, Jr., all of New York City, on the brief), for appellants.

Charles F. C. Arensberg, of Pittsburgh, Pa. (Patterson, Crawford, Arensberg & Dunn, Thomas P. Trimble, Jr., Charles M. Clarke, Ella Graubart, and Julian Miller, all of Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

JONES, Circuit Judge.

This is an appeal from a decree holding invalid all of the three claims of Patent No. 20,873 issued to one Fullman, being a reissue of Patent No. 1,769,947, for the combination with (1) an armored cable of (2) an insulating bushing and (3) a connector,—the elements, when combined, serving to fasten securely and safely to outlet boxes or other receptacles the armored cable which carries and protects the electric wires or conductors within it.

All the elements have long been known to the art and, in combination, have been used extensively for many years for the purpose above stated. What Fullman did was to make a slight change (an improvement, it may be allowed) in the outer end of the connector. But that is not the invention for which he makes claim. By substituting his connector, he seeks to extend his monopoly to an invention of all of the elements in combination. This he may not do unless his improved element and the other old elements in combination perform a new and useful function or operation. A patentee may not, merely by improving one element of an old combination whose construction and operation are otherwise unchanged and which performs no new or different use or function, patent the old combination by claiming it in combination with the improved element. Bassick Mfg. Co. v. R. M. Hollingshead Co., 298 U.S. 415, 425, 56 S.Ct. 787, 80 L.Ed. 1251; Stewart-Warner Corp. v. Rogers, 3 Cir., 101 F.2d 762, 763.

All the patentee in this case did was to notch the end of the connector, which goes into the interior of the outlet box or receptacle, with indentures (three, as shown by exhibit model) spread equidistantly around the perimeter of the connector end. The service which this mode of construction performs is to make more readily observable, upon inspection, the presence of the insulating bushing seated in position after the armored cable containing the electric wires or conductors has been secured in the outlet box by means of the connector. The purpose of the bushing is to protect the insulation on the electric wires against abrasion or cutting by the sharp edge of the end of the cable which fits into and is clamped by the connector. Opportunity for determining readily that

the bushing is actually in place is in aid of required inspection by underwriters' or building code inspectors. Where the old type of connector is used, unless inspection be made at the time of installation of the combination, whether the bushing is present and in place may not be observed, in some circumstances, without removing the box in order to disconnect the connector for a view of the bushing. The removal of the box at that stage of construction is attended with risk of possible damage to plaster or other finish around the outlet box. It is the patentee's claim that the notches in his connector furnish sufficient opening, even when the connector is attached to the box, to permit the inspectors a peek at the bushing, which generally is purposely made in distinguishing color.

The possibility of seeing a very small part of the bushing when the connector, clamped to the armored cable, has been fitted to the outlet box is the one distinguishing feature between the Fullman connector and the old type of connector and is what gives the Fullman connector added commercial value. But, the patentee's connector performs no new function in combination with the other elements. It is clamped to the armored cable by an expandable collar adjusted by set-screw, just as the old connector is attached to the cable, and the two elements together perform the same function as before. The bushing is no different, bears no different relation to either the armored cable or the connector, and in combination therewith performs the same function as always. The connector itself is fastened to the outlet box in the same way as the old connector and for the same purpose and function. A witness for the plaintiff admitted at trial that in the patented combination the "cable armors the connectors", "the bushing protects [against] the metal edge" of the cable, and "the connector anchors the cable to the box". That is plainly the function of the old combination; and it cannot reasonably be said that that function has in any way been changed by the visibility of a part of the end of the bushing which the notches in the end of the Fullman connector afford. There is, therefore, no new function performed by the old elements in combination with the new connector, and, hence, no patentable invention in the patentee's combination. In Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, at page 549, 58 S.Ct. 662, at page 664, 82 L.Ed. 1008, the Supreme Court said,—

"And the improvement of one part of an old combination gives no right to claim that improvement in combination with other old parts which perform no new function in the combination." See cases cited in footnote to foregoing quotation, 303 U.S. at page 550, 58 S.Ct. at page 665.

The patent makes no disclosure of a new function resulting from the use of the notched connector in combination with the old elements. In his application (p. 1, column 1, lines 30–35, inc.), the patentee specifies that,—"The present invention provides an improved connector binding the cable to the outlet box, and having means for holding the insulating and protective bushing in place, which will permit the bushing to be visible, and thus permit ready inspection of the system." The patentee thus specified two features of the "improved connector", namely, "means for holding the insulating and protective bushing in place" and the visibility of the bushing made possible by the notched connector.

Claim 1 reads as follows: "The combination with an armored cable, of a bushing of insulating material having a tubular barrel portion contained within the cable armor and a shoulder bearing against the end of the armor, and a connecter and means for securing it to the cable, said connecter having a portion projecting beyond the end of the cable armor and having inwardly projecting fingers adapted to bear upon the bushing shoulder and retain the bushing in place."

It will be noted that, while "inwardly projecting fingers" etc. (i. e. "the means" specified for holding the bushing in place) is made a part of claim 1, no claim is there made for the visibility of the bushing which the notches in the connector permit. Claim 1 is concerned with the fingers, which in reality are what remains of the protruding end of the connector after making the notched spaces therein. The matter of the visibility of the bushing was reserved for claims 2 and 3, which, in the main, are similar to claim 1 but somewhat broader. Claims 2 and 3, after repeating claim 1, substantially, each call for the connector to have "at least one inspection opening through the projecting portion of the connecter which renders the bushing visible when the combination is assembled in a box hole", or "in an outlet hole", as claim 3 has it.

What the patentee very plainly tries to do in claim 1 is to claim for a function of the by-product of the notching (i. e. the fingers) in combination with the bushing. But even there, there is no new function. The fingers are the protrusions left on the end of the connector by the cut-outs for the notches, which are provided to produce visibility of the bushing. There is a flange around the inside of the end of the old connector. In using an old connector, the cable with the bushing in place is pushed into the connector until the shoulder of the bushing seats against the flange at the projecting end of the connector. Thus, the flange in the old connector bears upon the bushing shoulder and retains the bushing in place. That is precisely what the patentee claims for the fingers in claim 1. The reason the fingers perform the function claimed for them is because of the position they occupy as the remnants of the connector end with their respective portions of the inside flange. The following may serve to illustrate the fundamental identity of the contact and pressure function, in relation to the bushing, which the end of the old connector and the fingers of the Fullman connector perform: If one should press his open hand, with fingers together, against a flat surface and, while maintaining the pressure, spread the fingers apart, he may then see between his fingers parts of the object which the hand had before concealed, but the contact with and pressure against the object are maintained in the same way.

The only thing that the patentee has revealed which presents any novelty is the notched connector, which, so far as the improvement therein (i. e. the notches) is concerned, performs no new function in combination with the old elements. The patent seeks, therefore, to extend its monopoly to more than the patentee invented and, as a consequence, is invalid. Lincoln Engineering Co. v. Stewart-Warner Corp., supra, 303 U.S. at page 549, 58 S.Ct. 662, 82 L.Ed. 1008.

In passing, it would seem that the language quoted by the appellants from the opinion in Bassick Mfg. Co. v. Adams Grease Gun Corporation, 2 Cir., 52 F.2d 36, as being apposite to the situation presented by the Fullman connector, was said by the Second Circuit in sustaining the very same claims of a patent (claims Nos. 14 and 15 of Gullborg Patent No. 1,307,734) which were later declared invalid by the Supreme Court in Bassick Mfg. Co. v. R. M. Hollingshead Co., supra, 298 U.S. at pages 423–425, 56 S.Ct. 787, 80 L.Ed. 1251, and for reasons which seem peculiarly pertinent here.

Having thus determined the invalidity of the patent in suit, it is unnecessary for us to consider the remaining points raised by the appellant, all of which depend upon a finding of patent validity in the first instance.

The decree of the District Court is affirmed.