## EICKHOFF v. VULCAN IRON WORKS.

### No. 1164.

District Court, M. D. Pennsylvania.
July 26, 1941.

Bialkowski, Bialkowski & Bialkowski, of Scranton, Pa., for plaintiff.

Howson & Howson, of Philadelphia, Pa., and O'Malley, Hill, Harris & Harris, of Scranton, Pa., for defendant.

WATSON, District Judge.

This action was instituted by the plaintiff charging infringement of its patent No. 1,-966,319 and praying for an injunction and an accounting. The case was tried, and, from the evidence, the court finds the facts to be as follows:

1. The plaintiff, Alfred Eickhoff, doing business as Eickhoff Brothers (Gebr. Eickhoff), is a citizen of Germany, having his principal place of business at Bochum, Germany.

2. The defendant, Vulcan Iron Works, is a Pennsylvania corporation, having its principal place of business at Wilkes Barre, Pennsylvania and within the Middle District of Pennsylvania.

3. Plaintiff is the owner of Patent No. 1,966,319 issued July 10, 1934.

4. The plaintiff filed an application in Great Britain on July 8, 1926, for a patent on the mechanism covered by the United States Patent No. 1,966,319.

5. A quadric crank train mechanism has long been used and was recognized for many years as the standard way of converting rotary motion into reciprocating motion, and was known to be applicable to cases where the shaft must alternately move quickly and slowly; that is, a motion of the type required for the transportation of material in a conveyor chute, as distinguished from uniform motion.

6. The type of motion obtained with a quadric crank train drive, such as is obtained in the patent in suit, is dependent upon the dimensions, lengths, and relative positions of each of the seven elements of the drive.

7. The mechanism described in plaintiff's patent cannot produce the velocity curve shown by Fig. 1 of the patent in suit.

8. The drive of the patent in suit produces a motion of the same type as the drives of the prior art.

9. A double-armed rocker, comprising a primary rocker arm and a secondary rocker arm, was used interchangeably with two single-armed rockers long before July 8, 1926. The use of either of the two interchangeable forms of rocker elements does not affect the operation of the drive insofar as the motion obtained is concerned.

10. At the time of the application for the patent in suit, the various elements of the plaintiff's mechanism were well known to the art.

11. There is no invention in the mechanism claimed in plaintiff's patent No. 1,966,319.

### Discussion.

The plaintiff instituted this action to recover damages from the defendant for an alleged infringement of plaintiff's patent No. 1,966,319. At the trial, defendant raised the question of the validity of plaintiff's patent. For the purpose of fixing the date of invention the court has selected July 8, 1926, the date of the filing of the application for a British patent on the same mechanism.

The plaintiff's patent contains four claims for a driving gear for jiggers, shaking conveyors, and similar mechanisms. Claims two, three, and four are designed to make claim one more specific and are discussed hereinafter. Claim one provides for "The combination with a vibrating support for handling material, of opposed supports, a crank shaft journalled on said supports, a second shaft journalled on said supports, a rocker arm therefor, the rocker arm of said second shaft being considerably longer than the crank arm of the first shaft, a rod connecting the crank arm to the end of the rocker arm, a second rocker arm on the second shaft, a pitman connected to the vibrating material support at one end and to the second rocker arm, and a power shaft geared to the first shaft whereby the velocity cycle shown in Fig. 1 will be generated in the motion of the vibrating support." During the course of the trial it was conceded that the velocity cycle shown in Fig. 1 of the patent could not be attained by plaintiff's mechanism.

The plaintiff's mechanism consists of a quadric crank train or chain, consisting of a crank, a connecting rod, a primary rocker arm, and the fixed link of the framework that workably holds and supports these elements and determines their relationship; and a secondary rocker arm on the second shaft connected by means of a pitman to the conveyor chute.

The various elements of plaintiff's mechanism are all old in the art as the court has found as a fact and the testimony clearly shows. The principal question is whether or not their arrangement in plaintiff's mechanism is such that invention can be found to exist.

Considering first the elements of the quadric crank train of the patent in suit, it is shown by the evidence that the arrangement of these elements as required by the claims and shown by the figures is also found in the prior patents of British Patent to Marcus No. 6815 of 1910; British Patent to Eickhoff No. 10,913 of 1913; and United States patent to Illingworth No. 1,422,270 of 1922.

The remainder of the plaintiff's mechanism consists of "a second rocker arm on the second shaft, a pitman connected to the vibrating material support at one end and to the second rocker arm, and a power shaft geared to the first shaft". The defendant did not cite any patent for driving gears for jiggers or similar mechanisms which had a second rocker arm mounted on the second shaft. However, other mechanisms designed to convert rotary into reciprocating motion by means of a quadric crank train

did have such a second rocker arm. United States Patent to Myers No. 1,470,634; United States Patent to Welch No. 1,366,440; United States Patent to Wilson No. 1,576,887; United States Patent to Tommei No. 1,616,399. In addition, it was shown by expert testimony and found as a fact by the court that the use of a double-armed rocker interchangeably with two single-armed rockers has long been known to the art and was well known on July 18, 1926. This expert testimony also revealed that the use of two single-armed rockers would add nothing to the motion of the vibrating support but was used only for the purpose of enabling the use of a substantially closed casing. The testimony, however, clearly showed that the use of two single-armed rockers had a number of advantages over a double-armed rocker, but that all of these advantages were known to the art at the time of the application for the patent in suit and the selection of the particular type of rocker arm was merely a question of mechanics which could be determined by any one familiar with the art. It is also evident from the record that the two single-armed rocker arms in the patent in suit did not function in any manner new to the art.

Claims two, three, and four add to the requirements of claim one, a substantially closed casing; a horizontal crank shaft with the second shaft parallel thereto; a primary rocker arm within the casing and the secondary rocker arm outside the casing; the opposed supports being within the casing and carried by the walls thereof. These added requirements contribute nothing to the validity of the patent in suit. The substantially closed casing functions as do all closed casings merely as a protection to the moving parts and to persons working with the machine. As far as the support of the mechanism itself is concerned it does not matter whether the casing is closed or not. The requirement of a horizontal crank shaft with the second shaft parallel thereto is not new, as is shown by the specifications and figures of the patents cited as well as the various publications relied upon by the defendant as anticipating the patent in suit. Also, the placing of the primary rocker arm within the casing and the secondary rocker arm outside the casing did not add anything to the function of the mechanism but was so arranged in order to permit the use of a closed casing. With regard to the last added requirement, it clearly appears that one of the chief functions of any casing, whether closed or open, is to support the elements of the quadric crank train in the walls of such casing.

As has been pointed out above, the plaintiff's patent is composed of elements old in the art whose functions remain unchanged and produce no new result. Under these circumstances, the court must hold that the patent is invalid for want of invention. Thomas & Betts Co. et al. v. Steel City Electric Company, 3 Cir., June 30, 1941, 122 F.2d 304; Griscom-Russell Company v. Westinghouse Electric & Manufacturing Co., 3 Cir., June 19, 1941, 121 F.2d 680.

The defendant advanced a number of additional reasons for holding the patent in suit invalid and to show lack of infringement. Although these additional reasons are of considerable merit, the view which the court has taken renders it unnecessary to discuss them here.

Conclusions of Law.

1. Plaintiff's patent No. 1,966,319 is invalid for want of invention.

2. Defendant is entitled to judgment.

Now, July 26, 1941, it is ordered and directed that judgment be entered in favor of the defendant, Vulcan Iron Works, and against the plaintiff, Alfred Eickhoff, doing business as Eickhoff Brothers (Gebr. Eickhoff).