## CONSOLIDATED PACKAGING MACHINERY CORPORATION v. GENERAL MILLS, Inc.

### Civil Action No. 66.

District Court, D. Delaware.

Jan. 12, 1942.

Herbert L. Cohen, of Wilmington, Del. (Alexander C. Neave, John Vaughan Groner, and Robert B. Whittredge, all of New York City, of counsel), for plaintiff.

Hastings, Stockly & Layton, of Wilmington, Del. (Ayres J. Stockly, of Wilmington, Del., Arthur R. Wylie, of Minneapolis, Minn., and Horace Dawson, of Chicago, Ill., of counsel), for defendant.

MARIS, Circuit Judge.

This is a suit by Consolidated Packaging Machinery Corporation against General Mills, Inc., for a declaratory judgment upon the following claims of three patents issued to General Mills, Inc., on the applications of Helmer Anderson:

| Number | Issued | Filed | Claims |
|---|---|---|---|
| 1,772,824 | Aug. 12, 1930 | July 15, 1929 | 14 |
| 1,984,049 | Dec. 11, 1934 | June 7, 1932 | 1, 2, 3, 23 |
| 2,083,417 | June 8, 1937 | Aug. 16, 1934 | 1, 2, 3. |

General Mills has counterclaimed, and the suit has been heard as if it were plaintiff. I make the following special findings of fact:

1. Anderson patent No. 1,772,824 (called "First Anderson") relates to mechanisms which close and fold the open neck walls of a paper bag. It comprises three operating positions known as "stations", which are separate and distinct from each other.

2. The only claim of this patent in suit (Claim 14) relates to Station A, at which the bag end walls are inwardly collapsed, the side walls brought together in compressed condition and transversely folded, and the bag shaped between the collapsing members and an elevator. This claim is limited, by the File History and by the specifications of the patent, to elements which tuck the gussets, collapse and transversely fold the side walls, and shape the bag, at the same station.

3. Morey & Stimpson patent No. 1,989,-492, and the Automatic-Heinz machine on which that patent was based, are prior art to the First Anderson patent, and disclose similar mechanisms to perform the same operations in substantially the same way.

4. The prior art Kellogg patent No. 1,-824,401 and Kellogg British patent No. 201,-559 show a generally similar but more advanced type of bag packaging mechanism, comprising all of the elements of Claim 14 of the First Anderson patent, except that its conveyer operates continuously rather than intermittently, and it does not need to shape. Intermittent conveyers and shaping means are common to the art, and illustratively are shown in Smyser No. 564,722, Lovell No. 989,914, and Gangler No. 1,625,-720. All of these mechanisms are adaptable to a Kellogg-type machine, and their adaptation would not involve invention but merely mechanical skill.

5. The accused Consolidated machine is likewise a bag closing machine, employing various stations for different operations. Each of these stations is entirely separate and distinct, and there is no inter-connection or patentable co-operation between them, their total effect being purely aggregative.

6. The mechanisms of the Consolidated machine are entirely unlike those of the machine of the First Anderson patent, performing different functions at the respective stations, and bearing similarity only in the ultimate result.

7. The elements of the Consolidated machine and their method of operation bear no equivalence to the most nearly corresponding elements of the machine of the First Anderson patent.

8. The elements of Claim 14 of the First Anderson patent are not found at any single station of the Consolidated machine.

9. The elements of the Consolidated machine, which collapse the bag side walls, neither compress nor fold those walls; compression and folding are essential elements of Claim 14 of the First Anderson patent.

10. Anderson patent No. 1,984,049 (called "Second Anderson") relates to a station to be joined to the machine of the First Anderson patent and adapted to apply glue to, and press together, the folded but upstanding bag neck walls and the mating bag shoulder. The station comprises a wheel, having a peripheral face and a beveled face, which simultaneously applies glue to a face of the upstanding bag neck walls and a mating face of the bag neck shoulder; a spiral guide thereafter operates to bring the two glued surfaces together in sealing relationship.

11. The prior art Morey & Stimpson patent No. 1,989,492 and the Automatic-Heinz machine show equivalent mechanisms for gumming mating surfaces of the neck walls and bag shoulder, and means for thereafter pressing these gummed surfaces together in sealing relationship. Morey and Stimpson employed heated members, brought into contact with the waxed paper of the bag at the neck walls and the bag shoulders, for the purpose of rendering them adherent; and Anderson used glue on plain paper. These gumming means and methods in every sense were equivalent at the time Anderson filed; their respective use, in any case, was simply a matter of choice dependent upon what material the customer specified for the bag. The Morey & Stimpson patent shows every element of Claims 1, 2, 3 and 23, in suit, designed to function, and functioning, in substantially the same way. Morey & Stimpson anticipates the Second Anderson patent. Anderson does not disclose invention over Morey & Stimpson.

12. The prior art Taylor patent No. 1,-909,319 discloses means in a similar machine, operating upon similar type bags, for securing a double seal, which is more useful than Anderson's single glue-to-glue seal.

The Anderson machine does not disclose invention over Taylor.

13. The only asserted invention of the Second Anderson patent is its gluing means. The claims in issue, 1, 2, 3 and 23, not only assume to cover the gluing means, but also the folding means and the conveyer of the First Anderson patent, which are not disclosed in the patent. The claims, therefore, are broader than the asserted invention or the disclosure contained in the patent.

14. The gluing means of the Second Anderson patent are simply substitutes for earlier sealing means employed as part of the General Mills' machines. The claims in issue should have been limited to the gluing means alone and the inclusion therein of the elements required to make a complete folding and sealing machine is an unwarranted attempt to repatent an old combination.

15. The claims here in issue of the Second Anderson patent embrace elements from more than one station, between which there is no patentable cooperation. They are, therefore, aggregative only.

16. The accused Consolidated machine has sealing means comprising a flat slotted blade which deposits glue only upon the horizontal bag shoulder. The actuation of this mechanism is such as to prevent any impingement of the sharp edges of the glue blades upon the upstanding bag neck walls, thereby avoiding injury to the bag. Such injury is further insured against by the presence of a guard over the glue blade and fins on the channel member which maintains the upstanding bag neck walls in substantially vertical position during the gluing operation. During this gluing operation, the bag shoulder opposite that upon which glue is being deposited has no support and is not touched by any element of the Consolidated machine. Mounted on the Consolidated machine is a carriage, having a shoe which advances across the top of the bag as the gluing blade is retracted, contacting the upstanding bag neck walls and forcing them down upon the glued bag shoulder. The shoe contacts the upper bag surface over an area near the center of the bag top, but not until the gluing blade has completed its work and been retracted. Consolidated's gluing pressure is exceedingly light, for its glue blade is of very thin metal.

17. On about one-fourth of the machines manufactured by Consolidated an auxiliary gluing attachment has been mounted. General Mills introduced no proof as to infringement concerning this device. It is an entirely separate and independent attachment, having no cooperative action with any other elements of the entire Consolidated machine. It does not affect or contribute to any deposit of glue which subsequently could be brought into mating relationship with the deposit of glue made on the bag shoulder by the glue blades of the regular gluing station.

18. At the completion of the gluing and folding operation of the Consolidated machine the sealed bag is ejected from the machine, under a plate which maintains the neck walls in sealing relation with the bag shoulder, but which is not yielding.

19. The mechanism of the Consolidated machine lacks one or more elements of each of the claims in suit.

20. Even if there were verbal correspondence between elements of the Consolidated machine and the claims in suit, the method of operation of the Consolidated machine and that of the machine of the Second Anderson patent is so basically different, both in the elements employed and in their method of operation, that there is no equivalence between them.

21. Anderson patent No. 2,083,417 (called "Third Anderson") relates solely to a mechanism which it substitutes for the final folding mechanism of the Second Anderson patent. It consists of a pivoted member, having a shoe on its lower extremity, which swings pendulously over the bag top, wiping the glued upstanding bag neck walls into contact with the glued bag shoulder. The claims in suit (1, 2 and 3) were allowed only after repeated rejections, and are narrowly limited to a member which is mounted for swinging movement from a pivot above the bag.

22. The prior art Second Automatic-Heinz machine embodied a member designed to fold upstanding bag neck walls down on the bag shoulder. This member was mounted for swinging movement from a pivot above the bag, and was actually operated in this manner in the presence of counsel for the parties. It embodies every element of Claim 1 of the Third Anderson patent, operating in the same way to accomplish the same result, and is a complete anticipation thereof. Claims 2 and 3 of the Third Anderson patent differ from Claim 1, only in the requirement that the pivot be disposed above the medial plane of the bags. This mere change of location does

not disclose invention over the Second Automatic-Heinz machine.

23. Substantially all of the machines of the prior art embodied members which traveled over the bag top, either in a swinging or a straight path, wiping the upstanding neck walls down into contact with the bag shoulder. Illustrative of such devices are Lovell No. 989,914, the First Anderson patent here in suit, and Schilbach No. 1,-979,496. The Third Anderson patent does not disclose invention over any of these prior art patents.

24. Claim 3 of the Third Anderson patent embraces, in addition to the elements as to which invention is claimed, the gumming means and the conveyer of the Second Anderson patent. The claim, therefore, attempts to cover more than the asserted invention of the patent and assumes to repatent an old combination.

25. The present model of Consolidated's carriage and shoe is in every sense the equivalent of an earlier commercial model of a Consolidated machine, which antedates the application for the Third Anderson patent by more than two years.

26. The Consolidated carriage and shoe are not mounted for swinging movement from a pivot, but to the contrary, move only in straight lines upon horizontal tracks, on which they are yieldably retained by a resilient member which acts merely as a shock absorber.

### Discussion

In view of the facts as I have found them to be, this case does not require extended discussion. The first Anderson patent, which is the principal patent involved, discloses a machine for folding, shaping and closing the top of a filled paper bag. The operations of the machine are conducted at separate stations connected by an intermittently operating conveyer. Claim 14, which is the single claim in issue, relates only to the first station of this machine. At this station the end walls of the bag top are tucked in, the side walls of the bag top are brought together by collapsing members, and the top of the bag is shaped between the collapsing members and an elevating platform upon which the bag rests. Machines of the general type here in controversy for the folding of filled paper bags had been in use for many years before July 15, 1929, when the first Anderson patent was applied for. Some of these machines were designed to fold and seal cardboard cartons, while others were used for closing paper bags. See Kellogg patent No. 1,824,401 and Morey and Stimpson patent No. 1,989,492. Included in the prior art was the use of the intermittent conveyer and of devices for the shaping of filled paper bags. See Smyser patent No. 564,722, Lovell patent No. 989,914 and Gangler patent No. 1,625,720.

The use as containers for flour and other similar food products of paper bags so closed and shaped as to be capable of being stacked one upon the other on the shelves of grocery stores did not become significant until about ten years ago when grocery stores which were organized upon the self-service plan became general. When during the same period public acceptance of the paper bag as a suitable merchandising container for food products also became general, machine designers appeared to have no difficulty in adapting the knowledge of the art to the need of those desiring to put out food products in this form. This I think fairly describes what Anderson did and I conclude that Claim 14 of the first Anderson patent does not disclose invention over the prior art. Indeed, I am satisfied that the first Anderson patent was directly anticipated by the Morey and Stimpson patent No. 1,989,492, which was applied for March 5, 1929.

I do not overlook the argument which General Mills now strongly advances that the problem which Anderson faced was the elimination of the peak or ridge of material which formed in the top of an intucked bag when it was closed so as to form a flat top and make possible a perfect seal, and that his significant discovery was that by exerting pressure upon each end of the bag while the top was closed but before it was folded the bag might be shaped and the peak or ridge in the contents entirely eliminated. However, I attach no more significance to this problem than was given to it by Anderson. There is no reference to it either in his specification or his claims.

The second Anderson patent discloses a sealing mechanism adapted to operate with the machine of the first Anderson patent and simultaneously to apply glue to the folded vertically upstanding bag neck walls and to the adjacent horizontal bag shoulder and then to fold down the bag neck walls on the shoulder. Claims 1, 2, 3 and 23 which are here involved are, however, directed not only to these elements but also to other elements—"means for transversely folding the walls of an

open bag top to close the bag"—which are not disclosed in this patent, but are embodied in the first Anderson patent. It necessarily follows that the claims are invalid as an attempt to claim more than the invention. Bassick Mfg. Co. v. Hollingshead Co., 298 U.S. 415, 56 S.Ct. 787, 80 L. Ed. 1251; Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008; Stewart-Warner Corp. v. Rogers, 3 Cir., 101 F.2d 762. Irrespective of this, however, I am satisfied that Anderson's second patent does not disclose invention over the prior art especially the Morey and Stimpson patent No. 1,-989,492, and the Taylor patent No. 1,909,-319.

■ The third Anderson patent relates only to means for folding down the glued neck walls of a paper bag on the glued bag shoulder. It is a substitute for the folding elements of the second Anderson patent and accomplishes the same result at the same stage of operations. Claims 1, 2 and 3 are involved. Claim 1 was directly anticipated by a machine built by the Automatic Packaging Machinery Corporation for the H. J. Heinz Company of Pittsburgh and referred to in this record as the second Automatic-Heinz machine. This machine was delivered to the purchaser in 1930, more than four years prior to the filing of Anderson's third application. Claims 2 and 3 differ from Claim 1 in a point which it is unnecessary here to describe but which cannot involve any more than a mechanical improvement. It necessarily follows that all three claims are anticipated by the prior art and are, therefore, invalid.

■ In view of my conclusions as to the validity of the claims of the patents in suit I need not discuss the subject of infringement other than to say that if we were to assume that the claims were valid they would not, in my opinion, when properly construed, read upon the machines of Consolidated Packaging Machinery Corporation which are alleged to infringe them.

I accordingly reach the following conclusions of law:

1. Claim 14 of Anderson patent No. 1,-772,824 is invalid and void.

2. Claims 1, 2, 3 and 23 of Anderson patent No. 1,984,049 are invalid and void.

3. Claims 1, 2 and 3 of Anderson patent No. 2,083,417 are invalid and void.

4. Claim 14 of Anderson patent No. 1,-722,824 is not infringed by the Consolidated machine.

5. None of Claims 1, 2, 3 and 23 of Anderson patent No. 1,984,049 is infringed by the Consolidated machine.

6. None of Claims 1, 2 and 3 of Anderson patent No. 2,083,417 is infringed by the Consolidated machine.

7. A judgment may be entered in plaintiff's favor, adjudging the said claims invalid and void, and not infringed, dismissing the counterclaim herein, and awarding plaintiff its costs to be taxed against defendant.