**UNIVERSAL PRODUCTS CO., Inc., v. MONTGOMERY WARD & CO.**

**No. 1961.**

District Court, E. D. Michigan, S. D. May 24, 1943.

Harness, Dickey & Pierce, of Detroit, Mich., for plaintiff.

Virgil E. Woodcock, of Philadelphia, Pa. (Edwin J. Balluff, of Detroit, Mich., of counsel), for defendant.

LEDERLE, District Judge.

Findings of Fact.

1. This action arises under the patent laws of the United States and the complaint and supplemental complaint allege infringement with respect to the following United States patents: No. 1,921,274, issued to plaintiff as assignee of the applicant Archibald A. Warner; No. 1,987,678, issued to plaintiff as assignee of applicants Paul B. Goddard and Frank Ketcham. Plaintiff Universal Products Company, Inc., is a corporation of the State of Delaware, and defendant Montgomery Ward & Company is a corporation of the State of Illinois, both having places of business within this district.

2. New England Auto Products Corporation, a Delaware corporation of Pottstown, Pa., manufactures parts for universal joints and has sold to defendant the parts charged in this suit as an infringement of said Warner and Goddard et al., letters patent. New England Auto Products Corporation has assisted in the defense of this suit and is bound thereby.

3. Since about 1916, plaintiff has been engaged in the manufacture of sliding two-trunnion universal joints. It had little or no competition in this field from other independent manufacturers. Aside from a relatively small number of replacement joints or parts, the business consisted of furnishing to automobile manufacturers complete joints fully assembled. It had an exclusive license under Emerson patents Nos. 1,085,855, 1,183,064 and 1,297,128.

4. Plaintiff was very successful and sold a large number of these two-trunnion joints made according to the teachings of the Emerson patents, with slight variations. These devices gave general satisfaction while automobiles were so designed that the speed at which the engine operated was relatively slow as compared to later developments of higher speed cars. Various expedients were tried out to properly center the joints that plaintiff manufactured, but in each case the control was at the central part of the body of the joint. Because of the rapid rotation of the automobile drive shafts it was difficult to keep the centering means greased because of the centrifugal force which tended to throw the grease away from the center. This resulted in excessive wear and tended to reduce the life of the joint. The first patent in suit, Warner patent No. 1,921,274, was issued to plaintiff as assignee of Warner on August 8, 1933. Warner, then chief engineer for plaintiff, after much experimentation discovered that the joint could be centered by inserting centering buttons in the ends of the trunnion which would always have a line contact with the body regardless of the alignment of the shaft. It is this conception which plaintiff claims constitutes the invention disclosed in the patent. These improved devices went on the market about 1933 and large numbers of them have been manufactured and sold.

The method of centering disclosed in the Warner patent was well known in the art more than two years prior to the date when the application was filed by Warner. Everything that this patent in suit discloses as to this means of centering was disclosed in patent No. 942,087 issued to Lipe in 1909 and in patent No. 1,582,997 issued to McGee in 1926. All that Warner did was to take the Lipe and McGee centering button and change its form in accordance with the instructions of the Lipe patent from a spherical shape to one having a compound curvature. This was necessary because of the difference in the form of the Emerson type joint. It is a change in size and form only, which any mechanic skilled in the art who understood the teachings of these prior art devices would have no difficulty in making. Warner did not discover a new combination but merely made a judicious selection of elements disclosed in the prior art. It may be conceded that by putting together the most desirable parts of these devices that a better device resulted; but each of these parts operated the same in the device disclosed in this patent as they did in the old devices and the results achieved were the same. There was no patentable invention disclosed in the application which resulted in allowance of this patent.

5. The one claim in the Goddard et al. patent, No. 1,987,678, issued to plaintiff as

assignee on January 15, 1935, reads as follows: "In a universal joint, a housing having an open and surrounded by a radially extending attaching flange, a cover plate substantially co-extensive with said flanged end, and a plurality of tabs on said plate for engaging said housing flange, said flange being recessed in registry with and to a depth substantially equal to the thickness of said tabs."

It was conceded by plaintiff that prior to the alleged invention described in this patent it had made a practice of using grease covers which were attached to the body of the joint by means of tabs. It was conceded by plaintiff that "it is a universal practice to fasten things on by tabs." During the trial this colloquy took place between the court and counsel for plaintiff:

Mr. Blair: "It is a universal practice to fasten things on by tabs.

The Court: "Then the only step you are claiming for this patent is that the designer * * * decided not to have those tabs overhang over the outside diameter of the body," that you made a recess in which to fit them.

Mr. Blair: "That is right. You had to slot the body and get tabs inside."

Several illustrations in analogous art for covering the opening of a cylinder in substantially the same manner as this device performs this function are disclosed in the record. The application for this patent discloses no patentable invention. The change from the prior devices used by plaintiff itself was merely a change in design that was well within the skill of the art.

6. It is true that plaintiff has achieved commercial success in marketing the two devices disclosed in these patents but plaintiff has failed to establish that this success was the result of the claimed inventions. It appears more likely that it was the result of the manufacturing skill of plaintiff and its good salesmanship.

7. In view of the conclusion I have reached that both patents in suit are invalid I find it unnecessary to consider the other defenses raised by defendant.

### Conclusions of Law

■ 1. Warner patent No. 1,921,274 is void for want of invention. "It is, of course, to be expected that where elements of a combination are all to be found in the prior art, even in somewhat similar environment, it will be urged that a patent is nevertheless valid which covers a device combining them, and where some adaptation was required to fit them into the new combination, under the rule of Topliff v. Topliff, 145 U.S. 156, 161, 12 S.Ct. 825, 36 L.Ed. 658, and we have said so, Proud-fit [Loose Leaf] Co. v. Kalamazoo Co., 6 Cir., 230 F. 120, 127; Nelson Mfg. Co. v. F. E. Myers & Bro. Co., 6 Cir., 25 F.2d 659. But the rule always presupposes that the creative faculty is exercised in the combination or the adaptation, for as we have said, 'It is elementary that invention may reside in a combination of elements all of which were theretofore separately old in the art, but, in order to sustain such a combination, it is equally clear that the inventor must have done more than make a judicious selection from the devices of the prior art, each designed and utilized to accomplish its individual purpose at a time and in a place where such function is necessary for the operation of the whole. This is but the exercise of the mechanical ability reasonably to be expected in the development of the art.' Newcomb, David Co., Inc., v. R. C. Mahon Co., 6 Cir., 59 F. 2d 899, 901." Patent & Licensing Corp. v. Weaver-Wall Co., 1938, 6 Cir., 95 F.2d 182, 184. Textile Machine Works v. Louis Hirsch Co., 1938, 302 U.S. 490, 58 S.Ct. 291, 82 L.Ed. 382; Minnesota Mining & Mfg. Co. v. Coe, 1938, 69 App.D.C. 217, 99 F.2d 986.

■ 2. Goddard et al., patent No. 1,-987,678, is void for want of invention. Atlantic Works v. Brady, 1883, 107 U.S. 192, 2 S.Ct. 225, 27 L.Ed. 438. Patent & Licensing Corp. v. Weaver-Wall Co., supra.

■ 3. On the basis of the record made in this case I was compelled to find that all the claims of the Warner patent were void for want of invention. However, if, as plaintiff contends, it required the exercise of inventive genius to fit the centering buttons of the Lipe and McGee patents to the prior art devices, all the claims of the Warner patent would nevertheless be void. One may not in effect repatent an old combination by improving one of its elements. Bassick Mfg. Co. v. R. M. Hollingshead Co., 1936, 298 U.S. 415, 56 S.Ct. 787, 80 L. Ed. 1251; Lincoln Engineering Co. v. Stewart-Warner Corp., 1938, 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008.

4. Judgment may be entered dismissing the complaint.