### WARNER BROS. CO. v. AMERICAN LADY CORSET CO.

#### No. 209.

Circuit Court of Appeals, Second Circuit.

June 4, 1943.

Charles H. Walker, of New York City (Fish, Richardson & Neave, of New York City, of counsel), for appellant.

Darby & Darby, of New York City (Samuel E. Darby, Jr., of New York City, Arthur C. Beaumont of Detroit, Mich., and Walter A. Darby, of New York City, of counsel), for appellee.

Before SWAN, CHASE and CLARK, Circuit Judges.

SWAN, Circuit Judge.

In the court below the plaintiff's suit involved both collection of royalties under a license and patent infringement after termination of the license, but the appeal presents only the latter phase of the litigation. The plaintiff is assignee of patent No. 1,995,801 granted March 26, 1935, on the application of John Field. All claims of the patent were in suit except claims 8 and 11. The district court held that claims 1, 4 and 5 were invalid because of anticipation by the Roth prior use and that the other claims in suit, 2, 3, 6, 7, 9, and 10, if not also anticipated, were invalid because of lack of invention. Accordingly the complaint was dismissed in so far as it related to patent infringement. The plaintiff has appealed. The only question is that of validity no issue of infringement being presented. .

The patent relates to an improvement in corsets or girdles for women. It discloses a garment consisting of panels of elastic fabric, some of which are capable of stretching both vertically and horizontally and others only vertically. The "two-way stretch" panels form the sides of the corset and the "one-way stretch" is used for the back panel or front panel or both.[1] The advantages of this construction are summarized in the specification as follows (p. 1, col. 2, line 54) : "Through this construction provision is made for confining or flattening action at the front or back of the garment or both and at the same time riding up of the garment upon the figure, particularly caused by bending at the hips, is avoided." Claims 1, 4 and 5 define a garment in which the one-way stretch panel is or may be at the front. The other claims in suit call for a one-way stretch panel at the back. Claim 3, which may be taken as typical, reads as follows: "3. A garment of the character described including a plurality of panels of material formed of elastic yarn and adapted to stretch both up and down and across, said panels extending the full length of the garment, and a panel at the rear of the garment secured along both its vertical edges to said material and adapted to stretch up and down but not across, said garment being adapted to encircle the hips of the wearer, to extend below the posterior portions, and to stretch up and down at substantially all points overlying the posterior portions of the wearer."

The corset of the patent was put upon the market in the summer of 1932 and has been sold in steadily increasing quantities by the plaintiff and its licensees, of whom there are 68 out of possibly 200 manufacturers of corsets. But the claim of commercial success loses much of its impressiveness when the evidence is analyzed. Two of the licenses are royalty free. Most of the paying licensees are small manufacturers; hence their willingness to pay a royalty of one per cent. rather than risk expensive litigation deprives their acquiescence of much weight. See Ruben Condenser Co. v. Copeland Refrigeration Corp., 2 Cir., 85 F.2d 537, 541. Several of the large manufacturers refused to take a license. As to the plaintiff's large sales, for all that appears they may have resulted from extensive advertising rather than from the merit of any

---

[1] The specification also states—
"It will be understood that the front may be constructed as described while the rear is entirely of material such as employed in panels 1 [two-way stretch] or vice versa, without sacrificing the advantages at the other points in the garment." P. 2, col. 1, line 15.
"It will also be appreciated that, where desired, panels of non-elastic material, or in other words, panels which do not stretch in either direction, may be substituted for other material in the garment. For instance, the whole front of the garment might be made of non-elastic material, while the rear portion might be constructed as described." P. 2, col. 1, line 47.

patented feature of the corset. In any event commercial success can only be a make weight in support of a patent; it cannot take the place of invention. See Altoona Publix Theatres v. American Tri-Ergon Corp., 294 U.S. 477, 488, 55 S.Ct. 455, 79 L.Ed. 1005.

It is not claimed that the novelty of the alleged invention resides in the fabrics used or in the construction of a corset in panels; both two-way stretch and one-way stretch elastic fabric panels were old in the corsetiere's art. The contention is that the arrangement proposed by Field accomplished a new and useful result and overcame the defects of existing garments by eliminating "riding up" and "rounding out." But the problem of "riding up," as the opinion below states and the appellant's brief concedes, had already been solved by Field himself in Patent No. 1,919,292, granted July 25, 1933 on an application filed in January 1932, which was four months before his conception of the corset of the patent in suit. This prior Field patent also suggested the solution of the second problem. It shows a corset formed of two panels, both being made of two-way stretch material; but the specification states (p. 1, line 95) that "The number of panels or sections may be varied." And that "* * * the confining action of the garment is especially effective, whether the front panel be made of the same material as the rear panel, or from material which stretches in but one direction, or from non-elastic material" (p. 2, line 1). A corset made in accordance with this description, that is, with a back panel of two-way stretch fabric and a front panel of "material which stretches in but one direction" would seem to be a complete anticipation of the garment of the patent in suit which states (p. 2, col. 1, line 15, quoted supra in note 1) that the front panel may be of one-way stretch material while the rear and side panels are of two-way stretch. It is true that Field's 1933 patent (No. 1,919,292) does not expressly specify that the one-way stretch front panel shall stretch in a verti-cal direction; but surely it would not require invention to so arrange it, particularly in view of the Snugtex girdle [2] and the Roth prior use.

■ Concededly the Roth prior use, if proved, was a complete anticipation of those claims of the patent in suit which cover a corset having a one-way vertical stretch front panel. The appellant contends that the proof was inadequate. We are satisfied that it was sufficient and have nothing to add to the thorough discussion which appears in Judge Conger's opinion, 48 F.Supp. 417.

■ It is further urged that validity of the other claims in suit is not affected by the Roth prior use; that Roth's failure to apply a one-way stretch panel to the rear of the garment shows that he had no appreciation of the problem to which Field's patent is primarily addressed. It may be replied that Field himself discloses no appreciation that it is more important to use the one-way stretch in the rear panel than in the front panel. The specification treats as merely a matter of choice whether the one-way stretch panel is "at the front or back or both." P. 1, col. 2, line 49 to p. 2, col. 1, line 3; and note 1 supra. Having treated both forms of construction as equivalents it would seem that anticipation of one would equally anticipate the other. See Kissock v. Duquesne Steel Foundry Co., 3 Cir., 37 F.2d 249. But in any event in view of the prior art to which reference has already been made, we are satisfied that it required no more than the skill of the calling to transpose to the rear panel the one-way stretch front panel of Roth's garment.

With respect to the case of Warner Bros. Co. v. Treo Co., D.C.E.D.N.Y., 33 F. Supp. 741, which sustained the validity of the patent in suit it will suffice to say that that opinion refers to neither the Roth prior use nor the prior Field patent No. 1,919,292. It may be assumed that they were not in evidence in that case.

Judgment affirmed.

---

[2] This was made of one-way stretch webbing, "but it is so used on each garment as to stretch lengthwise at the back and horizontally over the hips and through the waist line. There is a front panel of matching fabric (not webbing) to give adequate control over the abdomen."

The April 1932 advertisement of the Vogue girdle should also be mentioned. "Another model is being featured with two-way stretch Lastex back panel and one-way stretch front section."