### CONTAINER CO. v. CARPENTER CONTAINER CORP. et al.

#### Civ. A. 1053.

United States District Court
D. Delaware.

July 12, 1951.

168

Richard F. Corroon, of Berl, Potter & Anderson, of Wilmington, Del., Newton A. Burgess, of Burgess, Ryan & Hicks, of New York City, Eugene G. Mason, of Mason & Porter, of Washington, D. C., John J. Mahoney, of Corbett, Mahoney & Miller, of Columbus, Ohio, and Thomas F. Keogh,

of New York City, for plaintiff and additional defendant.

Alexander L. Nichols, of Morris, Steel, Nichols & Arsht, of Wilmington, Del., Daniel H. Kane and Albert F. Bower, of Duell & Kane, of New York, Marvin C. Harrison and Allan Hull, of Harrison, Spangenberg & Hull, of Cleveland, Ohio, for defendant and third party plaintiff.

RODNEY, District Judge.

This opinion is concerned with the separate trial of the patent validity and infringement issues in this case. This action was brought by The Container Company against the Carpenter Container Corporation seeking a declaratory judgment declaring the defendant's patent Carpenter No. 2,382,858 to be invalid and not infringed by the plaintiff. The defendant, Carpenter Container Corporation, answered asserting the validity of the patent and included in the answer a counterclaim charging the plaintiff with infringement of its patent. The Defendant also charged the plaintiff and the additional defendant, Continental Can Company, Inc., with violations of the anti-trust laws. The latter issue was separated for purposes of trial from the patent issues.[1]

At the trial the defendant limited its infringement charges to claims 7, 8 and 11 of the patent. The patent relates to containers, specifically to containers or drums made of paper, commonly called fiber, which is made up of several layers of paper wound on a mandrel and bound together by an adhesive. The objects of the invention are, among other things, "to provide a container having a removable closure including a readily expansible and contractible clamping rim or ring," "to provide a container having its walls of fiber and formed with an annular groove adjacent one end for the reception of a projection from a clamping ring," and "to provide a fiber container having a removable closure so formed as to present an extremely strong construction which will resist inward pressure and outward pressure."

Thus it can be seen that the invention is largely concerned with that part of a container, primarily a fiber container, upon which the head or cover is placed, and with the means for retaining the head or cover in place and yet making possible its subsequent reuse. The claims in suit are likewise principally concerned with these features of a container. The claims themselves are as follows:

"7. A container structure comprising a body portion made of fibre board or the like, said body portion being bent inwardly adjacent one end thereof to form an inwardly extending rib and an external groove which are spaced from the end of said body portion, a head for closing said end of said body portion, said head having a portion supported on said rib and a flange extending outwardly into overlapping relation with the end of said body portion, and a split clamping ring which embraces the end of said body portion with its inner portion projecting into the external groove of said body portion and with its outer portion projecting into overlapping relation to the said flange of said barrel head.

"8. A container structure comprising a body portion made of fiber board or the like, said body portion being bent inwardly adjacent one end thereof to form an inwardly extending rib and an upstanding flange thereabove and also to form an external groove in alignment with said rib, a head for closing said end of said body portion, said head having a portion overlapping said upstanding flange and having a portion merely resting on said rib and being removable, and a split clamping ring which embraces the end of said body portion and having its inner end projecting into said external groove and having its outer portion overlapping said head whereby the said head is clamped between said clamping ring and said inwardly extending rib.

"11. A tubular container structure comprising a body portion made of fibre board or the like, said body portion being bent inwardly adjacent one end thereof but

1. 9 F.R.D. 89; opinions on other phases of the case are reported in 8 F.R.D. 208 and 9 F.R.D. 261.

spaced therefrom to form an inwardly extending rib and a flange projecting beyond the rib and also to form an external groove in alignment with said rib, a plug-like closure for closing the end of said body portion, said closure having a portion overlapping said flange and having a portion merely resting on said rib and being removable, and a split ring embracing the flange of said body portion and having its inner end projecting into said external groove and having its outer portion overlapping the peripheral portion of said closure whereby the closure is clamped between said ring and said inwardly extending rib."

The plaintiff has attacked the validity of these claims upon two main grounds. One is that they are anticipated by the prior art and do not involve any invention over the prior art, and the other is that they do not read on the specifications and drawings of the patents.

Certain general principles which seem to be applicable here, especially to the question of validity in relation to the prior art, may first be considered.

■ These claims are for combinations. Even if every element of the combination is old, invention may still exist if the combination produces a new and useful result or effects an old result in a new and better way. Nelson Mfg. Co. v. F. E. Myers & Bro. Co., 6 Cir., 25 F.2d 659. The improvement of one element of an old combination, on the other hand, will not make it permissible to repatent the old combination if it is otherwise unchanged. Bassick Mfg. Co. v. R. M. Hollingshead Co., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251.

■ The issuance of a patent is prima facie evidence of validity and the burden rests on one contesting the validity of the patent to overcome this presumption. Radio Corporation of America v. Radio Engineering Laboratories, Inc., 293 U.S. 1, 55 S.Ct. 928, 79 L.Ed. 163. This presumption is stronger where the alleged prior art patents were considered in the Patent Office. Artcraft Silk Hosiery Mills, Inc. v.

Gotham Silk Hosiery Co., Inc., 4 Cir., 72 F.2d 47; Stevens v. Carl Schmid, Inc., 2 Cir., 73 F.2d 54. In this case, the principal prior art patents were considered in the Patent Office prior to the issuance of the patent in suit, and the principle just stated would, therefore, be applicable here. There is some suggestion in the argument presented in the defendant's brief that to this presumption of validity should be added something approaching a recognition of finality, such as is sometimes accorded to administrative determinations in other fields of administrative law.[2] However, any such recognition of finality would seem to run counter to recognized principles of patent law. See Buromin Co. v. National Aluminate Corp., D.C., 70 F.Supp. 214.

The defendant also urges that the presumption of validity above referred to is further reinforced by the representations made by the plaintiff in certain prior patent office proceedings that claims 7 and 8, then similarly appearing as claims 15 and 24 of a patent application of Eggerss (who is president of the plaintiff corporation), were valid and not anticipated. No authority for this contention is cited, and I am not clear that the position of a party in the prior patent office proceedings can further affect the presumption of validity resulting from the ultimate allowance of the claims.

■■ Commercial success has been recognized as a factor which may operate in favor of the validity of a claim and may be taken as evidence of invention. Smith v. Goodyear Dental Vulcanite Co., 93 U.S. 486, 23 L.Ed. 952; Warner Bros. Co. v. American Lady Corset Co., 2 Cir., 136 F.2d 93. However, it does not take the place of invention. F. E. Myers & Brother Co. v. Goulds Pumps, Inc., D.C., 91 F.Supp. 475. Here the defendant introduced evidence indicating a considerable degree of commercial success achieved by the defendant in the sale of drums made under the patent in suit. The evidence, however, is somewhat inconclusive and does not specifically show to what extent the defendant's success in

2. Williams Mfg. Co. v. United Shoe Machinery Corp., 6 Cir., 121 F.2d 273, 277, affirmed 316 U.S. 364, 62 S.Ct. 1179, 86 L.Ed. 1537, is cited by defendant in support of this proposition.

the sale of its drums can be attributed to the invention covered by the claims involved in this action. For this reason, the factor of commercial success seems to be without cogent significance in this case, other than to indicate perhaps that the patent in suit is not a mere paper patent without utility.

The defendant contends that there are certain other factors which should be considered by the court as making weight in support of the validity of these claims, such as the considerable lapse of time between the prior art patents and the application for the patent in suit;[3] alleged imitation by the plaintiff;[4] and advertising by the plaintiff, praising the qualities of its own drums which, the defendants allege, incorporate the invention covered by the claims.[5] While these factors may, no doubt, properly be taken into consideration, so far as they may be applicable, I think that it is sufficiently clear from the more recent opinions of the Supreme Court that they and other similar factors can, at best, merely be aids to the determination of patentability where the question is a close one, and that in the final analysis the question of invention and patentability must be determined by the court upon all the evidence before it and by reference to the rather strict rules which have been, in recent years, established by the Supreme Court.[6]

It has been laid down by the Supreme Court that a new device, however useful it may be, "must reveal the flash of creative genius not merely the skill of the calling." Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 91, 62 S.Ct. 37, 41, 86 L.Ed. 58. To the extent that the combinations claimed in these claims may be merely combinations of old elements, it is clear that to be patentable, they must demonstrate something new and useful, either in the result or the method of its achievement. Marconi Wireless Co. v. United States, 320 U.S. 1, 63 S.Ct. 1393, 87 L.Ed. 1731; Great Atlantic & Pacific Tea Co. v. Supermarket Corp., 340 U.S. 147, 71 S.Ct. 127.

Such are some of the more pertinent general principles, in the light of which the conflicting contentions of the parties as to the patentability of the claims have been considered. In this case it is clear that we are dealing essentially with claims for combinations. In broad terms, the elements in each of the claims are the body, the head and the split clamping ring. The invention, if there is any, resides in the manner in which those elements are brought into relationship so as to produce a drum with a reusable and easily removable head.

An examination of the prior art patents shows clearly that the combination of these elements, considered in their broadest terms, did not constitute a new or novel combination at the time of the Carpenter application. It is clearly disclosed in several of the cited patents, among which are Gilberds and Harris, No. 142,456; Grinden No. 1,263,232; Mittinger No. 1,570,519; Rollason No. 1,903,010; Wackman No. 1,975,738; and Vaughn No. 2,031,290.

Novelty or invention, if any, must be found, then, either in the fact that this combination is applied in the Carpenter patent to drums made of fiber board or in the details of the elements and of their combination, or in both.

As to the material of the body of the container mentioned in the claims in suit, the exact language is a "body portion made of fiber board or the like." While the primary application of the invention was undoubtedly intended to be to fiber drums, yet it does not seem that either the language of the patent or the nature of the invention restricts the claims to

3. The Barbed Wire Cases [Washburn & Moen Mfg. Co. v. Beat 'Em All Barbed-Wire Co.], 143 U.S. 275, 12 S.Ct. 450, 36 L.Ed. 161, are cited in support of this proposition.

4. Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U.S. 428, 31 S.Ct. 444, 55 L.Ed. 527, is cited in support of this proposition.

5. Enterprise Mfg. Co. v. Shakespeare Co., 6 Cir., 141 F.2d 916, is cited in support.

6. See, for instance, Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 153, 71 S.Ct. 127.

drums made exclusively of that material. There was no evidence that fiber drums have peculiar characteristics to which the alleged invention would have particular application, as distinct from drums made of other materials, such as metal. It is true that the method of working fiber may be somewhat different from that of working metal; and that the claims might have little application, as a practical matter, to a container made of wood. Nevertheless, I am of the opinion that the application of the old and well-known combination of the three elements above mentioned solely to fiber drums or containers was neither intended to be nor amounted, in itself, to a patentable invention.

A rather more difficult question arises when the elements of the combination and the combination itself are considered in greater detail. All three claims disclose that the elements of the patented combination are, more specifically, a container body made of fiber or the like having adjacent to one end an external groove and in alignment with it an internal rib with an upstanding flange extending above the line of the groove and bead; a head or closure having a flange or portion overlapping the upstanding flange of the body, and having a portion also resting on the internal rib of the body; and a split clamping ring with one edge overlapping the flange (or equivalent) of the head and with the other edge extending into the other groove of the body of the container, so as to hold the head between the upper rim of the clamping ring and the internal rib.

The defendant emphasizes that the novel aspect of this combination is to be found in the fact that the head not only has a portion resting on the internal rib but also a portion overlapping the top of the body, with the clamping ring in addition having a portion overlapping the head. The defendant argues, in the words of its brief, that this "double overlapping relationship with auxiliary support from the bead and with the head held in predetermined relationship with respect to the bead is new and not shown in the prior art patents."

It is true that no single one of the cited prior art patents discloses the exact combination of the elements in all the details claimed in the Carpenter patent. However, the Gilberds patent clearly discloses a combination of a body having an external groove, a head having a flange overlapping the end of the body, and a split clamping ring with its upper edge overlapping the flange of the head and its lower edge entering into the external groove of the body. As against the disclosure of the Carpenter patent, what is absent in Gilberds is the internal bead alligned with the external groove and the arrangement of the head resting on the internal rib. This deficiency is supplied by the disclosure of the Grinden patent, in which the head is shown resting on an internal rib or bead. In Grinden, the head or closure has no overlapping flange, but there was expert testimony that the combination of the Gilberds head with the Grinden body would be obvious to one skilled in the art. The making of an external groove and corresponding internal rib upon which the closure might rest, adjacent to one end of the body of a container made of a fibrous material is also plainly fore shadowed in the prior art.

■ My conclusion, accordingly, is that the claimed combinations consist essentially of old elements; and that the combinations do not demonstrate such a degree of novelty as to constitute patentable invention over the prior art, in the light of the strict standards laid down by the Supreme Court in Cuno Engineering Corp. v. Automatic Devices Corp., supra, and more recently in Great Atlantic & Pacific Tea Co. v. Supermarket Corp., supra. The fact that there may be some improvement in one or more of the old elements, such as the clamping ring, does not make the old combination repatentable as such. Bassick Mfg. Co. v. R. M. Hollingshead Co., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251.

As to the validity of the claims in suit, therefore, I hold that they are invalid as not disclosing any patentable invention over the disclosures of the prior art.

■ This case involved the two issues of validity and infringement. These two issues are distinct and the determination of the one does not necessarily prevent consideration of the other. Where these two issues exist and non-infringement is found, it has been intimated that it might be de-

sirable to inquire as to the validity of the patent.[7] It is thus that the interest of the public in the patent may be considered, which interest does not exist to the same extent as to questions of infringement. When, however, invalidity has been found, it seems unnecessary to further consider the question of infringement. Indeed, to further consider this question it would be necessary to assume the validity of the patent (contrary to the holding) because there could be no infringement of an invalid patent.

Findings of fact and conclusions of law are filed contemporaneously herewith. An appropriate order may be submitted.

7. Sinclair & Carroll Co., Inc. v. Interchemical Corp., 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644; Kennametal, Inc. v. American Cutting Alloys, D.C., 77 F. Supp. 136.