## ALWARD v. JORDAN MARSH CO.
### Civ. A. No. 52-113.

United States District Court
D. Massachusetts.
April 21, 1954.

Hector M. Holmes, H. L. Kirkpatrick, Boston, Mass., Fish, Richardson & Neave, Boston, Mass., of counsel, for plaintiff.

Charles M. Thomas, Washington, D. C., Herbert P. Kenway, Boston, Mass., for defendant.

FORD, District Judge.

This is an action for infringement of claims 3 and 4[1] of U. S. Patent No. 2,-178,385, granted October 31, 1939 to plaintiff Alward for a clothes wringer and rinser. The alleged infringing device is the Economat washing machine Model H-502, sold by the defendant Jordan Marsh Company and manufactured by Bendix Home Appliances Division of Avco Manufacturing Corporation and earlier by its predecessor, Bendix Home Appliances, Inc. The manufacturer, hereinafter designated as Bendix, has assumed complete defense of the action. The answer sets up defenses of non-infringement and invalidity, and counterclaims for a declaratory judgment of non-infringement and invalidity.

The wringing and rinsing device disclosed in the Alward patent consists of a container, preferably of metal, inside of which is placed a bag of flexible material such as rubber which surrounds a foraminous pipe or tube running through the center of the machine and flaring out at the top into a foraminous cone. Clothes to be dried are placed in the bag which can then be filled with water,

1. 3. A clothes wringer and rinser including a casing, a foraminous pipe arranged in said casing, an air-proof bag surrounding said pipe, means for causing air to act on the exterior surface of said bag for squeezing any clothes therein against said pipe, means for directing water from said pipe to a discharge point, and means for directing rinsing water in a reverse direction from said pipe into said bag.

4. A pneumatic wringer and rinser for clothes including a container having a foraminous passageway from the top to the bottom, an airproof bag connected to the container at the central part of the bottom and to the top near the outer part thereof, said bag surrounding said passageway, means for directing air into the container exteriorly of said bag, means for directing water from said passageway to a point exterior of the container, means for directing rinsing water in a reverse direction through said passageway into said bag, and means for exhausting the air from the interior of the container.

which can be poured in from the top of the machine, or introduced through an inlet valve at the bottom of the central pipe which is connected to a source of water supply. The bag is so fitted into the container as to form an air-tight connection with it.

To wring the clothes, air or water can be forced into the container under pressure so as to fill the space between the bag and the inner wall of the container. This pressure squeezes the bag with its contents inwardly toward the central pipe and squeezes the water from the clothes. The water escapes through the holes into the pipe and is carried off through an outlet valve provided at the bottom. If desired, more water can be introduced and the rinsing operation repeated as often as desired.

Alward has never manufactured or sold commercially any machines under his patent, and never licensed the commercial manufacture of such machines. In 1940 one manufacturer did enter into an option agreement with him but never exercised the option.

The accused Bendix device is a washing machine designed to perform the various steps of the process of washing, rinsing and wringing clothes automatically under the control of a timing device built into the machine. The machine has a rubber bag or tub which is airtight when the machine is closed. In the center of the bag is an agitator which consists of a hollow, imperforate center post, open at the top, which does not reach to the top of the bag, with a perforated skirt flaring outward and downward from the lower part of the center post. Clothing to be washed is placed in the rubber bag and when the machine is placed in operation water is allowed to enter, rising in the bag to a level below the open top of the center post. Soap is added and then the agitator oscillates back and forth swirling the clothes through the water for the cleaning part of the process. When this is finished, a pump draws the air from the interior of the bag through the hollow center post so as to create a lower pressure and eventually a high degree of vacuum within the bag. The external air at atmospheric pressure squeezes the bag inwardly. The bag is provided with a large circular pleat which insures that as the bag is squeezed the sides move inward so as to raise the level of the water above the clothes and above the top of the center post, so that most of the water flows out of the bag through the open top of the center post. Since there is a slight clearance at the bottom of the agitator a small amount of water flows out at the bottom of the bag. When the water has been thoroughly removed from the clothes, the vacuum is broken, clear water flows into the bag, the clothes are again agitated in this fresh water to rinse them, and then this water is squeezed from the clothes in the same way. This rinsing process can be further repeated if desired.

Bendix has been making its Model H-502 since 1949 and it has been commercially successful, over 900,000 of these machines having been sold. Model H-502 purports to be made in accordance with Rand's patent No. 2,472,682 granted June 7, 1949 and Jones' patent application Serial No. 315,263 filed October 17, 1952.

## Validity

 Alward's device is essentially one in which washing or rinsing water is removed from clothes by applying external pressure on a flexible bag in which the clothes are placed to squeeze the clothes against a foraminous pipe running through the center of the bag, so that the water is pressed out and escapes through the holes into the pipe and is carried away. The idea of squeezing clothes to remove excess water is, of course, an age-old one. Numerous patents, none of which was cited and considered by the Patent Office, prior to Alward disclosed the idea of squeezing out the water by pressure applied to a flexible container of clothes. Crane patent No. 1,849,283 is for a washing machine in which pressure is applied to a flexible diaphragm to press the clothes against the perforated agitator skirt at

the bottom of the machine so as to squeeze the water out through the holes in the skirt. It is substantially "on all fours" with Alward. It has substantially the same elements performing the same functions. The only difference is Alward's substitution of a foraminous tube for Crane's foraminous skirt. Getz patent No. 1,926,378, Ducker patent No. 2,064,787, and Kemper patent No. 2,099,365 all teach the use of a flexible bag in which the clothes are squeezed by external pressure to drive out the water, with holes provided in the cover of the machine to permit the water to escape at the top. In all of these the squeezing of the bag is produced by introducing air or water at superatmospheric pressure into the space between the bag or diaphragm and the strong metallic casing which surrounds it. Both Ducker and Kemper provide for the introduction of rinse water into the bag by reverse flow through the outlet pipe when it is desired to repeat the rinsing operation. The art is replete with clothes wringing and rinsing machines with flexible pressure bags for squeezing clothes under superatmospheric external pressure against a foraminated element through whose perforations the water passes.

There is nothing in Alward which is not specifically shown in one or all of these prior patents, except that where they provided for the escape of the water through a perforated surface at the top or bottom of the bag against which the clothes were pressed, Alward substitutes the foraminous center pipe. In so doing he simply changes the shape and location of one of the elements of an old combination without giving it any new function, mode of operation, or result. It added no utility to the art. This is not enough to constitute any inventive advance over the prior art. It contributes nothing to it. Cf. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162; McCord Corp. v. Beacon Auto Radiator Co., Inc., 1 Cir., 193 F.2d 985.

Moreover, even if Alward's use of a foraminous central pipe in place of a perforated surface at the top or bottom of the clothes bag did represent a patentable improvement over the prior art, a doubtful assumption, the Alward patent would still be invalid. Alward's change would still have represented an improvement in just one of the combination of elements shown in the patents previously cited, which, while it might have made the operation more efficient, did not change the nature of the combination or the results produced. Even if Alward might have been able to patent his foraminous central pipe as such, the patent in suit would have to be held invalid as an attempt to patent an old combination by reclaiming it with one improved element substituted for one of the old elements. Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 549, 58 S.Ct. 662, 82 L.Ed. 1008; Bassick Mfg. Co. v. R. M. Hollingshead Co., 298 U.S. 415, 425, 56 S.Ct. 787, 80 L.Ed. 1251; Container Co. v. Carpenter Container Corp., D.C., 99 F.Supp. 167, 170, affirmed, 3 Cir., 194 F.2d 1013.

There are other patents in closely analogous arts which even more clearly anticipate Alward's claims. Hutchings patent No. 2,182,540 was for an apparatus for squeezing water from a cake of spun yarn during the process of manufacture. The cake of yarn is placed around a central, perforated tubular mandrel (closely akin to Alward's foraminous tube) which has holes in it through which water flows from the yarn when the yarn is squeezed around the central perforated mandrel by a flexible rubber wall which is forced inward by fluid introduced into the surrounding pressure chamber at superatmospheric pressure. That Alward's foraminous tube element was old is shown in Swiss patent No. 186,917 which reveals a device which is substantially that of Alward in construction and mode of operation. Designed for squeezing juice from fruit, it consists of a strong, airtight external casing, a flexible rubber bag within the casing, and running ver-

tically through the bag a central foraminous tube.[2] Fruit is placed in the bag which is squeezed by water at hydrant-pressure run into the casing, and the liquid squeezed out of the fruit passes through the holes in the central pipe.

The problem of removing excessive water from clothes in the laundry is substantially the same as that of removing the juice from fruit or of removing excess water from yarn. To one familiar with the clothes wringing art and its problems, it would require no particular skill to see that the devices of Hutchings or of the Swiss patent could readily be adapted to the wringing of clothes. To put these mechanisms to such a new use, without any significant change in structure or mode of operation, is not invention, even though the original inventor of the mechanism may not have intended or even foreseen such a use. Vischer Products Co. v. National Pressure Cooker Co., 7 Cir., 178 F.2d 125, 127; Mathews Conveyer Co. v. Palmer-Bee Co., 6 Cir., 135 F.2d 73, 89; Victor Cooler Door Co. v. Jamison Cold Storage Door Co., 4 Cir., 44 F.2d 288, 294.

### Infringement

There is a general resemblance between Alward's device and the wringing and rinsing features of the accused Bendix machine in that in both the water is to be removed from the clothes by squeezing them in a flexible bag and that in both the water thus removed flows out of the bag, in Alward through the centrally located foraminous discharge pipe in the bag and in Bendix, for the most part, over the top and down through a hollow post or pipe centrally located within the bag. But the mode of operation of the two devices is so clearly different that it must be held that even if Alward's patent were valid, his device would not be infringed by the Bendix machine.

In both machines the squeezing action is produced when the pressure on the outside of the bag is greater than the pressure within the bag. In Alward this pressure differential is produced by forcing air or water at increased pressure into the space between the bag and the outer containing walls of the machine, causing pressure upon the surface of the bag; in Bendix it is effected by using a vacuum pump to draw air out of the bag and thus lower the inside pressure. (Alward taught that any vacuum inside the bag should be avoided.) So far as it is purely a question of merely causing a differential in the exterior and interior pressures there would seem at first blush to be little difference between these two methods. However, different results are attained. Bendix's method causes air and water to be first sucked from the upper portion of the bag and an inward movement of the top portion of the tub wall before the bottom comes in, insuring the overflow action of the water into the hollow center post for discharge. This initial evacuation of air and water could not be obtained by superatmospheric external pressure on the bag. And there are other results produced in the Bendix machine by the creation of a high vacuum within the tub, which Alward disclaimed. This vacuum is such that it reduces the boiling point of water from 212° F. to about 100° F. which is approximately the temperature of the water in the Bendix machine, facilitating vaporization. (Alward's demonstration that water in a jug outside the machine in communication with the interior of the bag of the Economat machine and subject to the same vacuum did not boil when the high vacuum was produced, does not disprove

---

2. Cf. Mergell (German) No. 666,463, patent for clothes rinsing and wringing machine of bag squeezed type. It shows the same vertically disposed foraminous tube element of Alward. It is not cited by the court as prior art because the court in the light of the other prior art finds no necessity of deciding the disputed factual issue of date of conception. Cf. Grundy v. Van Leir, 75 F.2d 503, 22 C.C.P.A., Patents, 1034. This patent was issued January 14, 1939; the patent in suit October 31, 1939.

this; although the water in the jug at the start of the rinsing process was the same temperature as the water in the bag, by the end of the rinsing cycle it had fallen to about 87° F. due to the fact that the small quantity [one inch] of water in the jug cooled by conduction of the heat through the large conductive surface area of the jug which was exposed to atmospheric temperature before and during the vacuum extraction operation; obviously there would be no boiling.) In addition to this condition under which the water in the clothes tends to boil away, there is also a condition produced whereby, as explained by defendant's expert Sessions, when the pressure on the inside is broken down, the air or vapor in the fibres tends to move out, carrying with it the water. The effect of these factors is demonstrated by the results which Sessions testified he had obtained from experiments using a Bendix machine in a casing such as that called for in the Alward patent and applying superatmospheric pressure to squeeze the bag. To remove from the clothes the same amount of water as is removed by the vacuum of about 27.3 inches of mercury normally produced in the Bendix machine required an external superatmospheric pressure of between 20 and 22 pounds per square inch, that is, an increase in the external pressure of from about 13½ pounds to 20 or 22 pounds per square inch. The water removal effect of the Bendix vacuum method is thus far greater than would be produced merely by the difference between the pressures within and without the bag, and the Bendix method cannot be considered the same mode of operation as that taught by Alward.[3]

The modes of operation also differ in another important respect. The Alward patent calls for a foraminous center pipe, that is, one which, as shown in the drawings of the patent and in the tube (Plaintiff's Exhibit No. 5) which Alward had made in 1939 as an example of the kind of pipe he intended, is perforated by a multitude of small holes. The wringing operation described in the Alward patent calls for the squeezing of the clothes against this pipe, with the water escaping through the holes. The center post in the Bendix machine, on the other hand, is imperforate. Except for a small opening at the bottom,[4] the only way for water to escape is down through the open top of the center post, and the bag is so designed that in collapsing it forces the water level upwards above the clothes and above the top of the center post so that the water will readily flow out through the center post. This overflow action is an essential feature of the Bendix machine. Soap, suds, and scum which naturally rise to the surface of the water are thus carried off without again touching the clothes, rather than being forced out through the clothes which are pressed against the escape openings in the center post as in the Alward method. Thus a more thorough and efficient rinsing of the clothes is accomplished. By moving the soap and scum upward and away from the clothes rather than through the clothes, Bendix uses a mode of operation directly opposite to that of Alward.

It is evident that the Bendix machine would not operate to produce this essen-

3. Alward's machine and the prior art machines using superatmospheric pressure all require a rigid outer casing strong enough to withstand the high air or water pressure used, and involve a certain amount of danger which might be considered undesirable in an appliance designed for household use. The Bendix mode of operation eliminates this danger of explosion. In fact, so far as its operation goes, the Bendix machine does not require any solid casing around the rubber bag.

4. Proper adjustment of the Bendix agitator calls for a clearance of between .001 and .007 of an inch between the bottom of the center post and the transmission cover below it—large enough to keep the parts from wearing by rubbing against each other, but not large enough to allow any substantial amount of water to escape and thus interfere with the overflow action.

tial overflow action if the Alward foraminous pipe made with the numerous holes shown in the patent drawing or in the pipe made by Alward, were used in place of the imperforate center post. It is true, of course, that Alward's demonstration showed that the result would be attained using a center post in which he had drilled several small holes. But Alward himself admitted that if he made more and bigger holes, a point would be reached where all the water would go out through these holes and none would flow over the top of the post. In other words, the overflow action can be produced with some holes in the central post, but it is produced only in spite of them and only when they do not divert enough water in accordance with the Alward mode of operation to defeat the normal working of the Bendix overflow method of removing the water. So also, as the Alward specification points out, some water could rise in the bag during the Alward rinsing operation so that it would flow off through the openings in the foraminous cone above the level of the clothes. This would occur only when there was a sufficiently large amount of water in the bag and the bag was squeezed so rapidly that the openings in the lower portion of the Alward pipe could not carry off the water fast enough. It would be an occasional and accidental phenomenon and not an essential feature of the Alward operation, as it is with Bendix.

The conclusion is that the Alward patent, at best, teaches only a narrow change in a combination machine already well known in a crowded art; that it is invalid because of anticipation and lack of invention over the disclosures of prior patents, and as an attempt to patent an old and exhausted combination on the basis of a slight improvement of one element which does not change the mode of operation or the results of the old combination. Moreover, even if valid, claims 3 and 4 of the Alward patent are not infringed by the Bendix Economat washer H–502 which by the creation of a vacuum in the interior of the rubber tub and by removing the water from the tub by overflow over the top level of an imperforate center post has an entirely different mode of operation from the method taught by the Alward patent of using superatmospheric pressure outside the clothes bag and draining off the water through a foraminous central pipe.

Defendant is entitled to judgment on plaintiff's complaint and to a declaratory judgment on its counterclaim that the Alward patent No. 2,178,385 is invalid and that claims 3 and 4 thereof are not infringed by Bendix Economat washer Model H–502.